Hofstadter, J.
(dissenting). I dissent. The third-party plaintiff claims only that the appellant waived or is estopped from invoking the limitation in the contract for hospital service benefits. Since appellant’s letter of June 23,1964 was explicit notice to the third-party plaintiff that it denied liability for benefits *316 arising out of the hospitalization of March, 1964, there was no tenable basis for or a triable issue with respect to the claim of waiver or estoppel. (Fotochrome, Inc. v. American Ins. Co., 26 A D 2d 634; Dubins v. Boston Ins. Co., 26 A D 2d 863; Rosenthal v. Reliance Ins. Co., 25 A D 2d 860.) The limitation of two years from the date of the subscriber’s admission to the hospital is reasonable and has been upheld. (Maimonides Hosp. of Brooklyn v. Weisman, N. Y. L. J., May 12, 1967, p. 19, col. 6 [App. Term, 2d Dept.]; see, also, Soviero Bros. Contr. Corp. v. City of New York, 286 App. Div. 435, 441, affd. 2 NY 2d 924.) It has the approval of the State Insurance Department and its validity is not impugned or challenged by the third-party appellant. In the circumstances, I see no reason why it should not be given effect by this court.
Order affirmed, with $10 costs.